UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JORGE LUIS GUSMAN,**

   Petitioner,

v.                                              No. 4:24-cv-00708-P

**DIRECTOR, TDCJ-CID,**

   Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Jorge Luis Gusman filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). ECF No. 1. Respondent filed an Answer with Brief in Support and relevant state-court records. ECF Nos. 11, 12. Petitioner did not file a reply. After reviewing the Parties' pleadings, state-court records, and governing law, the Court **DENIES** the petition.

## BACKGROUND

Respondent has lawful custody of Petitioner pursuant to judgments of conviction from the 213th District Court of Tarrant County, Texas, in cause numbers 1420669D and 1420665D, both styled *The State of Texas v. Jorge Luis Gusman*. ECF No. 12–11 at 103–11; ECF No. 12-12 at 91–97. Petitioner pled not guilty to all counts. Subsequently, Petitioner was convicted by a jury on four counts of aggravated sexual assault of a child, two counts of indecency with a child by contact, and one count of continuous sexual abuse of a child under 14. *Id*. The trial court sentenced Petitioner to concurrent 40 years' imprisonment, 20 years' imprisonment, and 50 years' imprisonment, respectively. *Id*.

Petitioner appealed, and his convictions were affirmed. *Gusman v. State*, Nos. 02-18-00157-CR, 02-18-00158-CR, 2018 WL 3060213 (Tex. App.—Fort Worth, June 21, 2018). The Texas Court of Criminal Appeals ("TCCA") refused his petition for discretionary review. *Id*. Petitioner then filed state applications for writs of habeas corpus. ECF No. 12-29 at 18–42. The TCCA denied the applications, without written order, based on the findings of the trial court and its independent review of the record. ECF No. 12-27. Petitioner filed his federal habeas petition on July 30, 2024. ECF No. 1.

## GROUNDS OF THE PETITION

Petitioner's sole ground for relief is that he is actually innocent:[1]

> Petitioner can prove that he was incarcerated when four of these offenses occurred. This evidence was presented to the jury, to the appellant court, and to the trial court via 11.07 writ. Each Court disregarded said evidence because in Texas the testimony of a child victim alone proves penetration. Petitioner asks the Court to review Petitioner's evidence proving innocence.

ECF No. 1 at 5.

## STANDARD OF REVIEW

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but

---

[1] Notably, Petitioner asks the Court to "be acquitted due to insufficiency of evidence and because [he] did not receive effective assistance of counsel." ECF No. 1 at 15. This statement is wholly conclusory and, because Petitioner does not list ineffective assistance of counsel as a ground for relief in his petition, the Court will not address it.

2

applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (the focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). When the TCCA denies relief without written order, the ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## ANALYSIS

Gusman claims that he is "actual[ly] innocent" because he was incarcerated and "not in the life of the alleged victims" during several offense dates. ECF No. 1 at 5. However, as argued by Respondent in his answer, claims of actual innocence by state prisoners do not invoke a basis for federal habeas corpus relief, absent an independent constitutional violation. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). In his petition, Gusman has not alleged or otherwise shown an independent underlying constitutional violation. Thus, the Court concludes that his actual innocence claim does not present a cognizable claim for federal habeas corpus relief.

Moreover, to the extent federal courts have recognized actual innocence for federal prisoners, "[a]ctual innocence means 'factual innocence and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "To establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995) (quotations omitted)). "[A] substantial claim that constitutional

3

error has caused the conviction of an innocent person is extremely rare." *Schlup*, 513 U.S. at 299. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324 (internal citation omitted). Here, Gusman does not offer any "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" to support his claim that he is actually innocent. ECF No. 1 at 5. Since Gusman presents no new or exculpatory evidence, he does not show actual innocence under *Schlup*.

## CONCLUSION

Because Gusman fails to state cognizable claim for federal habeas relief, the Court **DENIES** his petition. Further, for the same reasons, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **8th day of January 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE